## ROBINSON-REA MFG. CO. v. A. W. MELLON.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued November 5, 1890—Decided January 5, 1891.

1. When, under the terms of a construction contract, the award of an engineer upon disputed matters submitted to his arbitrament is to be conclusive, it is not a defence to an action thereon that, after the award was made, the engineer ordered a re-hearing, upon the application of the defendant.

2. Although an arbitrator, whose award is to be conclusive, may perhaps correct a clerical or other error appearing upon the face of his finding, yet he cannot re-open his award, go into a general hearing and take testimony, upon an allegation by the defeated party that serious mistakes were made by him.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 180 October Term 1890, Sup. Ct. ; court below, No. 298 March Term 1890, C. P. No. 1.

On January 6, 1890, a summons was served in assumpsit brought by the Robinson-Rea Manufacturing Company against A. W. Mellon.

On January 15, 1890, the plaintiff company filed a statement of claim, verified by affidavit, for a balance of $2,778.41, the amount of an award made on December 5, 1889, by J. H. McRoberts, the engineer referred to in a construction contract dated September 7, 1886, wherein the plaintiff had covenanted to do certain work for the defendant, for the St. Clair Incline Plane Company, which work had been completed in pursuance of the contract, and an award made under the following provision thereof, to wit:

"It is mutually agreed between the parties hereto, and distinctly understood by the parties to this agreement, that the decision of the engineer shall be final and conclusive in any dispute which may arise between the parties to this agreement relative to or touching the same ; and that each and every of said parties does hereby waive any right of action, suit or suits,

Statement of Facts.

or other remedy at law or otherwise, by virtue of said cove-
nants, so that the decision of said engineer shall, in the nature
of an award, be final and conclusive on the rights and claims
of said parties."

The defendant filed an affidavit of defence, setting out the
history of the transactions between the parties, and many rea-
sons why the award was erroneous, and averring that all mat-
ters in controversy had not been submitted to the arbitrator,
and defendant believed the award had been made by mistake
brought about by misrepresentations of the plaintiff; that the
arbitrator, after making said award, discovered facts which
convinced him of errors therein, and had ordered a re-hearing;
that the defendant was informed by the arbitrator that he would
soon be able to make a final award, and that until the same
should be made the defendant was advised that plaintiff com-
pany had no right to prosecute this action.

The order of the arbitrator for a re-hearing, a copy of which
was attached to the affidavit of defence, was as follows:

"In the matter of the contract of A. W. Mellon and the St.
Clair Incline Plane Company. Report and finding made De-
cember 5, 1889; delivered to T. Mellon, December 13, 1889.

"December 14, 1889, application made on behalf of A. W.
Mellon and St. Clair Incline Plane Company for a re-hearing, on
the ground of alleged serious and important mistakes made in
said report and finding. Thereupon, Friday, December 27,
1889, at two o'clock P. M., at my office on Grant street, was
appointed as the time and place for hearing said application,
and notice thereof was given to the Robinson-Rea Manufac-
turing Company; and, before the time of hearing, said Manu-
facturing Company delivered to me its protest against re-
opening the case, and said hearing was postponed for the time
being, in order to consider said protest; and now, having con-
sidered the same, and believing it to be my duty to receive
evidence of and inquire into any alleged mistakes which I may
have made in the premises, I hereby re-open the case for such
purpose, so far as within my power so to do; and I appoint
the eighth day of January, 1890, at two o'clock P. M., at my
office, 400 Grant street, Pittsburgh, as the time and place for
said purpose, when and where evidence on said application
will be received by sworn affidavits or depositions, and pro-

perly authenticated documents, or by oral testimony, but not otherwise.

"Given under my hand this 28th day of December, 1889.

"J. H. McRoberts,

"Arbiter."

A rule for judgment for want of a sufficient affidavit of defence having been argued before Collier, J., on April 9, 1890, the rule was made absolute, and judgment entered in favor of the plaintiff for $2,778.41, with interest. Thereupon the defendant took this appeal, assigning the discharge of said rule and the entry of said judgment for error.

*Mr. W. F. McCook*, for the appellant.

Council cited: Speer v. Bidwell, 44 Pa. 23 ; Russell on Arbitrators, 3d ed., 654, 655; Morse on Arb. & Award, 300; Hartshorn v. Cutrell, 1 Green Ch. 297; Kreider v. Binder, 1 Ash. 13; Hartupee v. Pittsburgh, 97 Pa. 107; Hiestand v. Williamson, 128 Pa. 122.

*Mr. Geo. B. Gordon* (with him *Mr. John Dalzell* and *Mr. Wm. Scott*), for the appellee.

Counsel cited: Hostetter v. Pittsburgh, 107 Pa. 419; Hartupee v. Pittsburgh, 131 Pa. 535; Morse on Arb. & Award, 226; Bayne v. Morris, 1 Wall. 99; Clement v. Rohrabach, 15 Pa. 117; Russell on Arbitration, 135.

Opinion, Mr. Chief Justice Paxson :

This was a suit upon an award. The contract between the plaintiff company and the defendant stipulated that, in case of any dispute arising under said contract, the decision of the engineer should be final and conclusive. The engineer was the engineer of the defendant. The matters in dispute were submitted to J. H. McRoberts, the engineer referred to, who made an award in favor of the plaintiff for the amount of its claim. The defendant is not satisfied with the decision of his own engineer, and claims to have a re-trial before a jury. Various reasons are assigned for this in the affidavit of defence, the most material of which is that the award was not a completed award; that, after it was made, the arbitrator discovered that he had made some mistakes, and proposed to re-open said award for the purpose of correcting them.

Opinion of the Court.

The arbitrator in his order for opening the award says : " Believing it to be my duty to receive evidence of and inquire into any alleged mistakes which I may have made in the premises, I hereby re-open the case for such purpose, so far as within my power so to do ; and I appoint the eighth day of January, 1890, at two o'clock P. M. at my office, 400 Grant St., Pittsburgh, as the time and place for said purpose, when and where evidence on said application will be received by sworn affidavits or depositions, and properly authenticated documents, or by oral testimony, but not otherwise."

It will be observed that no errors in the award are specified ; it is not even averred that they exist. All that is stated is that, " the day after the same (the award) was made, the said arbitrator discovered such facts as convinced him of the necessity of opening the same and examining the matter in dispute ; " not a word about mistakes. Nor does the arbitrator say he made any mistakes. What he says is that the defendant has alleged serious mistakes, and because of such allegation he believed it his duty to open the award and take testimony in regard thereto. The arbitrator would perhaps be entitled to correct a clerical or other error appearing upon the face of the award. This is not such case, however. The arbitrator, after he has made his award and delivered it to the successful party, proposes to re-open it, not to correct an admitted error, but to go into a general hearing and take testimony, upon the mere allegation of the defeated party that supposed errors exist. We know of no authority to sustain such a proceeding as this. If we were to do so, who can say when an award would become final, and litigation end ? If an award may be opened in this way, after two weeks have elapsed, why not after two months or two years ?

The affidavit does not aver any fraud or misbehavior on the part of the arbitrator. Indeed it would have been ungracious for the defendant to have made such charges against his own engineer. We find nothing in the affidavit which discloses a legal defence, and the judgment of the court below is

Affirmed.